IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNE LAMAR THOMPSON,<br>　　　Plaintiff,<br><br>　　　vs.<br><br>BOBBY RAHAL MOTOR CARS,<br>et al.,<br>　　　Defendants. | Civil Action No. 07-33<br>Judge Arthur J. Schwab<br>Magistrate Judge Caiazza |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is recommended that this action be dismissed because of Plaintiff's failure to pay the filing fee. It is further recommended that the Plaintiff be provided with the right to reopen this case by paying the full $350.00 filing fee within sixty days.

**II. REPORT**

The Plaintiff, Lynne Lamar, is a prisoner presently confined at the Federal Correctional Institution at Danbury, Connecticut. On January 10, 2007, she presented for filing a civil rights complaint against numerous defendants. She has not paid the filing fee, nor has she moved for *in forma pauperis* status. Normally, the court would direct Plaintiff to either pay the filing fee or present a motion to proceed *in forma pauperis*. Plaintiff Lamar, however, is subject to the three strikes analysis of the Prison Litigation Reform Act ("PLRA"), and,

hence, is not entitled to proceed without payment of the filing fee.

In the PLRA, Congress adopted a new section known as the "three strikes rule" codified at 28 U.S.C. § 1915(g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended).

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he or she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[1] Court records indicate that the Plaintiff has had as many as seven prior

---

1. The Court of Appeals for the Third Circuit has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included among the three strikes under section 1915(g). See Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

actions dismissed either as frivolous or for failure to state a claim upon which relief may be granted.

Specifically, in <u>Lamar v. Onyundo</u>, Civil Action No. 95-568 (W.D. Pa.), the Plaintiff's action was dismissed as legally frivolous under 28 U.S.C. § 1915(d)[2] by Order dated May 24, 1995. In <u>Lamar v. McDaniels</u>, Civil Action No. 95-640 (W.D. Pa.), the Plaintiff's action was dismissed as legally frivolous under 28 U.S.C. § 1915(d) by Order dated May 12, 1995. In <u>Lamar v. SCI Cambridge Springs, et al.</u>, Civil Action No. 97-157E (W.D. Pa.), the Plaintiff's action was dismissed for failure to state a claim upon which relief may be granted by Order dated September 30, 1998. In <u>Lamar v. SCI Cambridge Springs, et al.</u>, Civil Action No. 97-201E (W.D. Pa.), the Plaintiff's action was dismissed for failure to state a claim upon which relief may be granted by Order dated November 25, 1998. In <u>Lamar v. Commonwealth of Pennsylvania, et al.</u>, Civil Action No. 97-1566 (W.D. Pa.), the Plaintiff's action was dismissed for failure to state a claim upon which relief may be granted by Order dated May 11, 1998. In <u>Lamar v. Pickard</u>, Civil Action No. 01-1333 (W.D. Pa.), the Plaintiff's action was dismissed for failure to state a claim

---

2. In the PLRA, Congress significantly amended former section 1915(d), which is codified at 28 U.S.C. § 1915(e). Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding <u>in forma pauperis</u> and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

upon which relief may be granted by Order dated August 3, 2001. In <u>Lamar v. Attorney at Law Robert B. Marcus</u>, Civil Action No. 02-225 (W.D. Pa.), the Plaintiff's action was dismissed as legally frivolous and vexatious and without basis in law or fact under 28 U.S.C. § 1915 by Order dated January 28, 2002.

The only recognized exception to the three strikes provision is for a prisoner who allege facts showing that she was in imminent danger at the time the complaint was filed. <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307 (3d Cir. 2001) (overruling <u>Gibbs v. Roman</u>, 116 F.3d 83, 86 (3d Cir. 1997)). It is clear in this case that no danger of serious physical injury can be derived from the Plaintiff's allegations. Accordingly, Plaintiff would not be entitled to proceed IFP even if she filed a motion seeking to do so.

### III. **CONCLUSION**

Based on the discussion *supra*, it is respectfully recommended that the complaint in this case be dismissed for Plaintiff's failure to pay the filing fee, without prejudice to her right to reopen by paying the full $350.00 filing fee within sixty days.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for

Magistrates, objections to this Report and Recommendation are due by

January   ,2007
                        FRANCIS X. CAIAZZA
                        United States Magistrate Judge


cc:   The Honorable Arthur J. Schwab
     United States District Court

     Lynne Lamar, 6337
     07640-068
     Federal Correctional Institution
     33 1/2 Pembroke Station
     Dansburg, CT 06811